UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WORLD HEALTHCARE SYSTEMS, INC. )
)
       Plaintiff, )
) Civil Case No. 1:10-CV-00060
v. )
) Chief Judge Curtis L. Collier
SSI SURGICAL SERVICES, INC. )
)
       Defendant. )

**MEMORANDUM**

Before the Court is a motion to dismiss Counts Twelve and Thirteen of the amended complaint, filed by Defendant SSI Surgical Services, Inc. ("Defendant") (Court File No. 21). For the following reasons, the Court finds Plaintiff failed to plead enough facts regarding Counts Twelve and Thirteen of its amended complaint to state a claim upon which relief might be granted (*see* Court File No. 18). Accordingly, the Court will **GRANT** Defendant's motion to dismiss Counts Twelve and Thirteen of the amended complaint (Court File No. 21). Plaintiff may file a proper motion to amend the pleadings **within ten (10) days of entry of the accompanying Order.**[1]

**I.    RELEVANT FACTS/PROCEDURAL HISTORY**

Plaintiff is a minority-owned business incorporated in the state of Tennessee (Court File No. 18). At some point, Plaintiff entered into a contractual agreement with Defendant, whereby Plaintiff

---

[1] The Court is aware of the current deadline for submission of dispositive motions (Court File No. 10). The Court will take into account this deadline in regards to any successful motion to amend the pleadings, and it may amend the scheduling order, if necessary, to allow the parties an appropriate amount of time to respond to any amended pleading.

agreed to provide various hospitals with surgical instruments manufactured and maintained by Defendant. Recognizing the financial benefits of this arrangement, Plaintiff and Defendant entered into a long-term contract on June 6, 2002 (*id.*). Under the terms of this agreement, Defendant agreed to perform on-site endoscopic procedures at various hospitals recruited by Plaintiff. In exchange for Plaintiff making the referrals, Defendant agreed to pay Plaintiff a five percent (5%) commission on cash collections. "The commission payments were to continue for the 'life of the Contract,' 'including any extension' to the Contract" (*id.*).

Sometime in 2004, Defendant allegedly stopped paying Plaintiff its commission. While Defendant admits it "ceased payments" to Plaintiff, it contends this was "due to a claim by [Plaintiff's] secured creditor" that it has a "perfected security interest in all accounts receivable by [Plaintiff]" (Court File No. 20).

As a result, Plaintiff brings this action against Defendant on the grounds of breach of contract, interference of contract, conversion, and violations of the Tennessee Consumer Protection Act, among other claims (Court File No. 18). On May 28, 2010, Plaintiff filed an amended complaint, alleging Defendant (1) "acted under the color of law to deny Plaintiff equal protection of the laws, and to discriminate on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983" ("Count Twelve"); and (2) "as a program or recipient of federal funds, discriminated against [Plaintiff] on the basis of [] race, color, and/or ethnicity in violation of 42 U.S.C. § 2000d" ("Count Thirteen") (*id.*).

In response, Defendant alleges Counts Twelve and Thirteen of the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As cause, Defendant argues (1) Defendant "did not act under the 'color of state law'

2

when it stopped paying Plaintiff commissions pursuant to a letter agreement ("Agreement") between the parties"; and (2) Defendant "is not a recipient of 'Federal financial assistance' as required by the statute" (Court File No. 21).

## II. MOTION TO DISMISS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure "allow[s] a defendant to test whether, as a matter of law, [a] plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In addition, under Rule 12(b)(6), the Court must construe the complaint in light most favorable to Plaintiff and determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010) (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," bare assertions of legal conclusions are insufficient, and there must be more than "threadbare recitals of a cause of action[]." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 -40 (2009). Nonetheless, "the existence of genuine issues of material fact warrants denial of the motion to dismiss." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007).

### B. Discussion

#### 1. Count Twelve

Defendant contends Counts Twelve of the amended complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981 and 1983 because Plaintiff cannot establish

Defendant acted under the "color of state law" (Court File No. 21). Although § 1981 confers certain rights, the statute does not provide a cause of action for race discrimination. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732-32 (1989). Rather, § 1983 provides the exclusive federal remedy for violations of rights guaranteed by § 1981 against state actors. *Id.*; *Arendale v. City of Memphis*, 519 F.3d 587, 589 (6th Cir. 2008). To state a claim under § 1983, Plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A plaintiff generally cannot bring a § 1983 action against a private party "no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (internal citations omitted). Nonetheless, a private party may be considered to have acted under the color of state law if "(1) the deprivation complained of was caused by the exercise of some right or privilege created by the State[,] and (2) the offending party acted together with or has obtained significant aid from state officials, or because his own conduct is otherwise chargeable to the State." *Id.* (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)) (internal citations omitted).

The Sixth Circuit currently recognizes three tests for determining if private conduct is attributable to the state: the public function test, the state compulsion test, and the nexus test. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). Under the public function test, "a private party is a state actor if he exercises powers traditionally reserved exclusively to the state." *Reguli v. Guffee*, 371 F. App'x 590, 600 (6th Cir. 2010). Generally, "only functions like holding elections, exercising eminent domain, and operating

a company-owned town, fall under this category of state action." *Id.* (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)). "The state compulsion test[,] [in contrast,] requires [] a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Finally, under the nexus test, there must be a "sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007) (citing *Wolotsky*, 960 F.2d at 1335)). However, "state regulation, even if extensive, has been deemed insufficient to establish a close nexus." *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153(table), No. 99-5018, 2000 WL 1257040, at *7 (6th Cir. July 11, 2000).

Here, Plaintiff failed to allege any facts in its amended complaint to show Defendant, as a private party, may be considered a state actor (Court File No. 18). Even if Defendant ceased paying Plaintiff its commission for a discriminatory motive, this alone is not enough to show Defendant's actions should be attributed to a state. Rather, Plaintiff merely made a "bare assertion" of a legal conclusion, without presenting any facts to show how Defendant's actions constitute state action (Court File No. 18).

### 2. Count Thirteen

Defendant also argues Count Thirteen should be dismissed because Defendant is not a recipient of federal funds (Court File No. 22). Title 42 U.S.C. § 2000d states "no person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation

in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." As with Count Twelve, the Court does not need to address the merits of whether Defendant qualifies as a "program or activity receiving Federal financial assistance" at this time because Plaintiff failed to assert any facts in its complaint to show Defendant is a recipient of federal funds. Plaintiff only alleged Defendant negotiated business relationships with hospitals and received payment from those hospitals (Court File No. 18).

### III.  Motion to Amend

The Court notes Plaintiff offered a number of new allegations in its response and accompanying memorandum (Court File Nos. 26, 27) to Defendant's motion to dismiss and alternatively asked this Court to allow Plaintiff to replead Counts Twelve and Thirteen.[2] However, Plaintiff failed to follow the proper procedure for filing a motion to amend the complaint. *See* E.D.TN. LR 15.1. Plaintiff has not submitted a separate motion to amend nor a proposed amended complaint. Although this alone is not grounds for denying a motion to amend the pleadings, see E.D.TN. LR 15.1, "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Orea Energy Group, LLC v. East Tenn. Consultants, Inc.*, No. 3:09-CV-041, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) (citing *Roulhac v. Sw. Reg'l Transit Auth.*, No. 1:07cv408, 2008 WL 920354, at *4 (S.D. Ohio Mar. 31, 2008)). Accordingly, the Court will allow Plaintiff an opportunity to file a proper motion to amend the pleadings. Indeed,

---

[2]In regards to Count Twelve, Plaintiff alleges for the first time in its response to Defendant's motion to dismiss (Court File Nos. 26, 27) that (1) "Defendant acted under color of state law" by applying a defective Texas statutory scheme to deprive Plaintiff of its payments and (2) Defendant deprived Plaintiff of its property without due process be exercising a "taking." In regards to Count Thirteen, Plaintiff alleged for the first time Defendant received money from Medicaid and Medicare.

"the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss." *See Bishop v. Lucent Tech. Inc.*, 520 F.3d 516, 521 (6th Cir. 2008).

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Defendant's motion to dismiss Counts Twelve and Thirteen of the amended complaint (Court File No. 21). Plaintiff may amend its complaint with respect to Counts Twelve and Thirteen **within ten (10) days of entry of the accompanying order**.

An Order shall enter.

*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**