UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WORLD HEALTHCARE SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SURGICAL SERVICES, INC., | ) ) | No. 1:10-CV-60 |
| | ) | *Collier / Lee* |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PACESETTER SBIC FUND, INC., f/k/a POWER EQUITIES, INC., | ) ) ) ) | |
| Third-Party Defendant. | ) | |

## ORDER

Pending before the Court are Plaintiff World Healthcare Systems, Inc.'s ("Plaintiff" or "WHS") motion to compel [Doc. 80], motions for leave to file documents under seal [Doc. 81 & Doc. 97], and second motion for extension of time to complete discovery [Doc. 87]. Defendant Surgical Services, Inc. ("Defendant" or "SSI") opposes the motion to compel and the motion for extension of time to complete discovery, but does not oppose the motions to seal. Third-party Defendant Pacesetter SBIC Fund, Inc. takes no position on any of the motions. A hearing on the motions was held on March 2, 2011, and all parties were represented at the hearing.

**I.   BACKGROUND**

At its heart, this is a case about the payment, or lack thereof, of commissions due to Plaintiff

from Defendant under a contractual agreement (the "Letter Agreement"). The Letter Agreement provided, in Plaintiff's words, that WHS would "introduce" Defendant to certain hospitals as the recommended manufacturer of certain surgical instruments. In exchange, Defendant would pay Plaintiff a five percent commission on certain surgical procedures performed at hospitals covered by the Letter Agreement. Defendant's obligation to pay the commissions was to extend for the life of the underlying contracts between Defendant and the covered hospitals, including any extensions to those contracts. Defendant has never argued that it does not owe Plaintiff *some* commissions, but argues instead that the amount owed is far less than Plaintiff claims.

**II.    ANALYSIS**

    **A.    Motion to Compel**

The Federal Rules of Civil Procedure ("Rules") permit, without leave of court, discovery "relevant to the claim or defense of any party" and, with leave of court upon a showing of good cause, discovery "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). The Rules are liberally construed to authorize broad discovery and any non-privileged information that reasonably may lead to the discovery of admissible evidence is discoverable. *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976); *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499 (6th Cir. 1970); *Coleman v. American Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994).

Of course, a court has the duty to deny discovery directed to matters not legitimately within the scope of the Rules and to use its broad discretionary power to prevent harassment or oppression that may result from discovery. Fed. R. Civ. P. 26(b)(2); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979). A court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1), if the discovery is unreasonably cumulative or

duplicative, or the burden, inconvenience, or expense of providing discovery outweighs the likely benefits. In exercising its discretion, the court may appropriately consider factors such as the needs of the case, the importance of the issues at stake, the importance of the discovery in resolving the issues, the amount in controversy, and the parties' resources. *See* Fed. R. Civ. P. 26(b)(2).

Applying the above standards here, the Court notes the parties' dispute spans a significant time period. Plaintiff bases its claim of the commissions due on a projection made at the inception of the Letter Agreement. Plaintiff, quite simply, does not have the documentary evidence it needs to back up its claim about amounts due. Defendant bases its claim about amounts due on its own records. Defendant acknowledges that it has potentially hundreds of thousands of records related to the hospitals, procedures, and commissions earned that are arguably discoverable, but Defendant argues it would be overly burdensome and expensive to require production of every such document at this late juncture.

Defendant has produced a "summary" spreadsheet setting forth the commissions it admits are owed, but it did so without production of the backup documentation. To date, and even though the discovery period was extended once before, only one deposition has been taken, a deposition taken by Defendant of Plaintiff's principal/owner. While Plaintiff should be held accountable for its decision to forgo certain discovery, it also appears Defendant has failed to produce relevant requested documentation that would allow Plaintiff to test the accuracy of Defendant's claims regarding the amount of commissions due.

Although the commissions claimed due by Plaintiff remain starkly different from the commissions Defendant admits are owed, some agreements were reached during the lengthy and sometimes contentious hearing. For instance, without conceding the accuracy of Defendant's

3

arguments on the statute of limitations issues, Plaintiff is agreeing to limit its request for documents to the time period of February 17, 2004 to the present. Plaintiff is abandoning its motion to compel with respect to several of the discovery requests and is narrowing the discovery dispute to the issues addressed herein. Two issues remain for resolution by the Court. First, Plaintiff disputes, or at least questions, the accuracy of the commission summary information produced by Defendant. Second, the parties disagree about whether information concerning hospitals in the Consorta, Inc. ("Consorta") system is discoverable.

> **1.      Backup Documentation**

As noted above, Defendant has already provided Plaintiff "summary" spreadsheets which calculate the commissions Defendant admits are due, but Defendant has not provided the underlying invoices from which those spreadsheets were compiled. With respect to this backup or underlying documentation for Defendant's calculation of commissions due, Plaintiff's efforts in obtaining such information – from either Defendant or the non-party hospitals – has apparently been largely unsuccessful. Applying the above standards, the Court concludes Plaintiff is entitled to discover information designed to test the accuracy of Defendant's summary of commissions due. *See Kehoe Component Sales, Inc. v. Best Lighting Products*, Inc. 2010 WL 596501, *4 (S.D. Ohio Feb. 16, 2010)* ("[S]ummaries are generally inadmissible evidence unless access is provided to the underlying documents from which the summaries have been prepared. *See* Fed. R. Evid. 1006. If the evidence rules themselves reflect the lack of trustworthiness of summaries of undisclosed documents, it would seem unwarranted to prevent a party-opponent in litigation from discovering the same type of information in order to verify that the summaries are accurate."); *Fellowes, Inc. v. Aurora Corp. Of America*, 2009 WL 1097063 (N.D. Ill. April 1, 2009) (ordering the production of underlying

4

financial documents supporting audited summary financial statements).

Defendant submitted evidence in the form of an affidavit by Pamela Bishop, Defendant's Controller, who states that production of all of the underlying data would be expensive and burdensome [Doc. 94]. Defendant argues that if production of the underlying data is compelled, Plaintiff should be forced to bear the costs. During the hearing, however, a "summary invoice" sent to one of the hospitals by Defendant in 2010 was presented by Plaintiff. Plaintiff indicated that production by Defendant of such summary invoices would allow for a reasonable comparison between the commission information on Defendant's summary spreadsheets and the actual multiple underlying invoices so that a reasonable conclusion could be drawn about the accuracy of the summaries. If Defendant's summaries are accurate, and their accuracy can be verified through timely production of a limited amount of the underlying data, it will not be necessary for Defendant to incur the expense and burden of producing all of the data. If the summaries prove inaccurate, then this matter may be addressed further.

### 2. Consorta System Hospitals

Some 13 hospitals were subject to the Letter Agreement based on an underlying contract between Defendant and the Catholic Health Initiatives ("CHI") hospital system. At the end of 2004, the underlying contract between Defendant and CHI allegedly ended. The 13 hospitals that had been part of the CHI system became part of the Consorta system, and Defendant entered into a contract with Consorta. Plaintiff argues that Defendant's contract with Consorta is really an extension of the CHI contract, and that those 13 hospitals remain subject to the Letter Agreement. Plaintiff has also alleged that Defendant intentionally interfered with its business relationships by negotiating directly with the covered hospitals and excluding Plaintiff from those relationships. Defendant has a pending

motion for summary judgment which argues that hospitals in the Consorta system are not subject to the Letter Agreement and that Plaintiff's business tort claims are time-barred, but that motion has not been ruled on, and in fact, is not even ripe for review. Consequently, the information pertaining to the subset of hospitals that were at one time affiliated with CHI but subsequently became affiliated with Consorta is discoverable. *See [Williams v. New Day Farms, LLC, 2010 WL 3522397, *1-2 (S.D. Ohio Sep. 7, 2010)](#)* (explaining that discovery should not cease merely because a party has filed a dispositive motion).

### 3. Compelled Production

Accordingly, the motion to compel [Doc. [80](#)] is **GRANTED IN PART AND DENIED IN PART** as follows: With respect to Interrogatory Number 10 and Request for Production Number 10, Defendant shall timely produce summary invoices (or comparable documents) for the time period from February 17, 2004 to the present for endoscopic surgical procedures performed at each of the 17 hospitals that were at one time or another covered by the Letter Agreement, including those now affiliated with Consorta. If necessary, Defendant may redact information in such documents unrelated to the procedures and hospitals identified herein. With respect to Interrogatory Number 15, Defendant shall supplement its response to describe its method of calculation for commissions due to Plaintiff. All other aspects of the motion to compel are denied as moot.

The Court may address the issue of the reasonable costs of the above-noted production of summary invoices (or comparable documents) at a later time upon the filing of an appropriate motion. The parties are encouraged to engage in a process that allows Plaintiff to test the accuracy of the information summarized in the spreadsheets that Defendant has produced without unnecessarily increasing the expenses of the litigation. In this regard, the parties are ordered to

discuss ways to lessen the costs and burdens of the production of backup information for the commission summaries that are consistent with this Order.

**B. Motion to Extend Discovery Period**

Citing only Fed. R. Civ. P. 7, Plaintiff moves to extend the discovery deadline for four months, which is essentially up to the eve of trial [Doc. 87]. Rule 7, which generally addresses pleadings, provides no authority for Plaintiff's requested relief. Plaintiff failed to address Fed. R. Civ. P. 16, pursuant to which the Court entered scheduling orders [Doc. 10 & Doc. 70] with deadlines for the completion of discovery. The scheduling orders "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).

Plaintiff's motion to extend discovery [Doc. 87] is **GRANTED IN PART AND DENIED IN PART** as follows: Based upon the pleadings and arguments of the parties, the Court finds Plaintiff has not established good cause for its requested 120-day extension of the deadline for conducting all discovery. However, because Defendant has not yet produced the backup documentation, good cause does exist for extending the discovery period for a reasonable length of time for the limited purpose of allowing the production of the information ordered above and for the taking of one deposition concerning that information by Plaintiff.[1] All other deadlines set forth in the scheduling orders [Doc. 10 & Doc. 70] remain in effect.

**C. Motions to Seal**

Plaintiff also filed motions to seal two documents filed in connection with its motion to compel [Doc. 81 & Doc. 97], apparently because the documents were produced as confidential

---

[1] Plaintiff agreed to limit the deposition discovery to a single deposition. As discussed at the hearing, the Court finds that a deposition of William Bynum is not appropriate for this purpose because of the prejudice demonstrated by Defendant.

7

business records under the agreed protective order [Doc. 56].  One of the documents is so heavily redacted to remove information not related to the current litigation that it is largely meaningless in the form produced.  The other document is a summary of commissions due produced by Defendant that may contain some confidential information.

The parties are reminded that the Court will not seal records without a showing of good cause.  E.D. Tenn. LR 26.2(b).  The parties may agree that they would prefer certain records be filed under seal, but their agreement does not relieve them of the obligation to show good cause for sealing documents.  On the current record, the Court cannot determine whether there is good cause to file the documents at issue under seal given the public's qualified right of access to court records.  Therefore, the motions to file the documents under seal [Doc. 81 & Doc. 97] are **DENIED without prejudice** and the Clerk is **DIRECTED** to disable the proposed sealed documents [Doc. 82 & Doc. 98].

If any party contends there is good cause to file either proposed sealed document [Doc. 82 & Doc. 98] under seal, the Court will consider an appropriately supported motion following the Court's procedures with respect to the filing of sealed documents.  *See* E.D. Tenn. LR 26.2 and Paragraph 12.2 of the Court's Standing ECF Order (both available on the Court's website).

**III.  CONCLUSION**

For the forgoing reasons[2]:

(1) Plaintiff's motion to compel [Doc. 80] is **GRANTED IN PART AND**

---

[2] This document contains hyperlinks to other documents.  Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy.  Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation.  The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.

**DENIED IN PART**, to wit:

(a) Defendant shall respond to Interrogatory 10 and Request for Production 10 by producing summary invoices (or comparable documents) for the time period from February 17, 2004 to the present for endoscopic surgical procedures performed at each of the 17 hospitals that were at one time or another covered by the Letter Agreement, including those now affiliated with Consorta;

(b) Defendant shall respond to Interrogatory 15 by supplementing its response to describe its method of calculation for commissions due to Plaintiff; and

(c) Plaintiff's motion to compel is denied in all other respects.

(2) Plaintiff's motion to extend the discovery period [Doc. 87] is **GRANTED IN PART AND DENIED IN PART**, as follows: Plaintiff shall be allowed a reasonable time in which to conduct one deposition for the limited purpose of exploring the information produced pursuant to this Order; and

(3) Plaintiff's motions to seal [Doc. 81 & Doc. 97] are **DENIED WITHOUT PREJUDICE** and the Clerk is **DIRECTED** to disable the proposed sealed documents [Doc. 82 & Doc. 98].

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE